UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERSANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA FUND and THE NEW YORK CITY
AND VICINITY CARPENTERS LABOR MANAGEMENT
CORPORATION, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, AND MICHAEL J. FORDE AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR NEW
YORK CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

08 CIV 3748

**COMPLAINT**

Judge Hellerstein

RECEIVED
APR 21 2008
U.S.D.C. S.D.N.Y.
CASHIERS

                                                     Plaintiffs,

        -against-

THREE GUYS FLOOR COVERING WORKROOM INC.,

                                                     Defendant.
------------------------------------------------------------------------X

Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer &

Bernstien, LLP, for their Complaint allege as follows:

**NATURE OF THE CASE**

1.      This is an action to confirm and enforce an Arbitrator's Award rendered pursuant

to a collective bargaining agreement ("Agreement") between The District Council of New York

City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and

Three Guys Floor Covering Workroom Inc. ("Employer").

**JURISDICTION**

2. This Court has subject matter jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3. Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4. Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5. At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6. The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7. Upon information and belief defendant Three Guys Floor Covering Workroom Inc. is a domestic corporation incorporated under the laws of the State of New York with a principal place of business located at 545 Eighth Avenue, 8th Floor, New York, NY 10018.

8. The defendant is an employer within the meaning of section 3(5) of ERISA, 29

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001. Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Robert Herzog, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated February 4, 2008 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that Three Guys Floor Covering Workroom Inc. had failed to make contributions due to the Benefit Funds for the period July 1, 2002 through July 6, 2006, in the principal amount of $60,197.15.

14. The arbitrator also found that Three Guys Floor Covering Workroom Inc. was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15. The defendant has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs and against Three Guys Floor Covering Workroom Inc. in the principal amount of $60,197.15, plus 10% interest per year from the date of the award to the date of entry of judgment;

3. For attorneys' fees and costs of this action;

4. For such other and further relief as this court may deem just and proper.

Dated: New York, New York
April 21, 2008

_____
ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

OFFICE OF THE IMPARTIAL ARBITRATOR
------------------------------------------X
In The Matter Of The Arbitration

       between

New York City District Council of Carpenters
Pension Fund, New York City District Council of
Carpenters Welfare Fund, New York City
District Council of Carpenters Vacation Fund,      OPINION
New York City District Council of Carpenters
Annuity Fund, New York City District Council        AND
of Carpenters Apprenticeship, Journeyman
Retraining, Educational and Industry Fund,         AWARD
New York City District Council of Carpenters
Charity Fund, United Brotherhood of Carpenters
and Joiners of America Fund and The New York
City and Vicinity Carpenters Labor-Management
Corporation, by Michael J. Forde and Paul
O'Brien, as Trustees
                And
Michael J. Forde, as Executive Secretary-
Treasurer, District Council for New York City
and Vicinity, United Brotherhood of Carpenters
and Joiners of America
                             (Petitioners)
    -and-

THREE GUYS FLOOR COVERING WORKROOM INC.
                            (Employer)
------------------------------------------X
BEFORE: Robert Herzog, Esq.

    THREE GUYS FLOOR COVERING WORKROOM INC. (hereinafter referred to as the "Employer") and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America are parties to an Independent Resilient Floor Coverers Collective Bargaining Agreement, dated July 1, 2001, providing for arbitration of disputes before the undersigned Arbitrator as

1

Impartial Arbitrator, and in which the Employer has therein agreed, for the duration of the Agreement, to pay contributions toward employee benefit funds (hereinafter collectively referred to as the "Funds"). The Petitioners, as beneficiaries of the Collective Bargaining Agreement, have standing before the Arbitrator. In accordance therewith, the Petitioners, by May 17, 2007 Notices of Intention to Arbitrate, demanded arbitration. The Funds alleged the Employer failed to make sufficient benefit contributions to the Funds for the periods of July 1, 2002 through November 11, 2004 and November 12, 2004 through July 6, 2006 as required by the Collective Bargaining Agreement.

   Notices of Hearing advised the Employer, Employer Counsel, and the Petitioners that arbitration hearings were scheduled for October 2, 2007 and December 10, 2007.

   On October 2, 2007 and December 10, 2007, at the place and times designated by the Notices of Hearing, Steven Kasarda, Esq. appeared on behalf of the Petitioners and Robert Cohen, Esq., of the Law Firm of Weinstein, Kaplan & Cohen, P.C., appeared on behalf of the Employer. Also present at both hearings were Salvatore Piccarillo and Robert Gonzalez, the Employer's President and Vice-President respectively.

The issues to be decided by the Arbitrator are:

1. Is dismissal of the arbitration justified based upon the Funds failure to produce written evidence requiring the Employer to make the contributions set forth in the Amended Final Audit?

2. If not, are Salvatore Piccarillo and Robert Gonzalez subject to the Member-Employer Addendum to the Collective Bargaining Agreement(s)?

3. If so, is the Employer delinquent in its contributions to the Funds for the periods July 1, 2002 through November 11, 2004 and November 12, 2004 through July 6, 2006?

4. If so, what shall be the remedy?

## **DISCUSSION**

The Employer's President is a signatory to the Collective Bargaining Agreement covering the periods for which the Petitioners seek delinquency payments for the Funds. The Employer and the Union have been parties to prior collective bargainining agreements as a collective bargaining relationship has existed since at least March 1993. A Union form entitled "Collective Bargaining Agreement Preparation Form," dated March 3, 1993, documents interview answers given by the Employer representative to the Union. One entry on the form is "Member/Employer Addendum" and is checked "yes." Another Union form entitled "Administration Form," filled out on or about March 10, 1993, lists Salvatore Piccarillo and Robert Gonzalez as Corporate Officers and Stock Holders. But for their names, both Employer President Piccarillo and Employer Vice President Gonzalez

3

signed identical March 10, 1993 "Member-Employer Addendum" forms. "Member-Employer Addendum" provisions recite an established minimum Fund contribution of twenty-eight (28) hours per week for Messrs. Piccarillo and Gonzalez:

MEMBER-EMPLOYER ADDENDUM

ADDENDUM TO COLLECTIVE BARGAINING AGREEMENT DATED MARCH 10 1993 BETWEEN THE NEW YORK CITY DISTRICT COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA AND............

NAME OF FIRM THREE GUYS FLOOR COVERING WORKROOM INC.

ADDRESS 271 40TH STREET BROOKLYN NY 11232

SALVATORE PICCARILLO
member-employer and the above-named Corporation hereby represent that SALVATORE PICCARILLO is a (shareholder and/or officer or director) of the Corporation and intends to perform regular work as an "employee", which is within the jurisdiction of the Union as set forth in the Collective Bargaining Agreement.

SALVATORE PICCARILLO and the Corporation consent and agree that in order to substantiate that SALVATORE PICCARILLO is an "employee" within the terms of the Collective Bargaining Agreement and thereby eligible to qualify as an "employee" with the New York City District Council of Carpenters' Fringe Benefit Funds, the Corporation shall report and pay weekly contributions on his behalf to the Fringe Benefit Funds in a minimum amount representing contributions for twenty-eight (28) hours work (Building Construction) thirty-two (32) hours work (shop) or 32 hours work (Heavy Construction). In the event that SALVATORE PICCARILLO works in excess of the minimum hours per week as an "employee", contributions shall be paid for all additional hours worked in accordance with the Collective Bargaining Agreement.

In the event that the Corporation fails to pay weekly contributions for at least twenty-eight (28) hours work per week (Building Construction), thirty-two (32) hours work per week (shop) or thirty-two (32) hours per week (Heavy Construction) it is consented and agreed that SALVATORE PICCARILLO shall be deemed outside that Collective Bargaining Agreement and not entitled to any benefits from the New York City District Council of Carpenters Fringe Benefit Funds.

The above Addendum is subject to the Constitution and Laws of the United Brotherhood of Carpenters and Joiners of America, Section 44, Article J, must be fully complied with.

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
Social Security Number

THREE GUYS FLOOR COVERING WORKROOM INC.
Name of Firm
X _____ PRESIDENT
Principal (Title)

X SALVATORE PICCARILLO
Member-Employer

4

The Employer's position is the signed "Member-Employer Addendum" only applied to the collective bargaining agreement in effect on March 10, 1993 and when the collective bargaining agreement expired, so too did the authorization of the "Member-Employer Addendum" expire:

> **However, these Member-Employer Addendums only apply to the Collective Bargaining Agreements dated March 10, 1993 and November 19, 1993 and not to the Collective Bargaining Agreement ... which covers the period July 1, 2001 through July 30, 2006.**
> **... Reasonable contract interpretation based on the documents presented in this case clearly reveals that ... there was no Member-Employer Addendum signed in connection with the July 1, 2001 contract ....**
> [EMPLOYER BRIEF, pages 3 & 4]

By signing the "Member-Employer Addendums" in 1993, Employer President Piccarillo and Vice President Gonzalez were put on notice and acknowledged that, as a "shareholder and/or officer or director" of Three Guys Floor Covering Workroom Inc., contributions of twenty-eight (28) hours per week would have to be submitted to the Funds for them to be Fund participants and be eligible for Fund benefits.

If the Employer's premise were to be accepted, the signed Addendums expired when the "March 10, 1993 and November 19, 1993" collective bargaining agreements expired. It then follows that Messrs. Piccarillo and Gonzalez's eligibility to participate in Fund benefits also expired which would have been manifested by the Employer no longer submitting contributions to the Funds on Messrs. Piccarillo and Gonzalez's behalf.

The Employer's actions defeat the Employer's argument that the Addendum applied only to the "March 10, 1993 and November 19, 1993"

5

collective bargaining agreements and not beyond. The Employer gave its implied consent to be bound by the Addendums during the duration of subsequent collective bargaining agreements by continuing to make contributions to the Funds on Messrs. Piccarillo and Gonzalez's behalf after the "March 10, 1993 and November 19, 1993" collective bargaining agreements expired.

> **Implied consent. That manifested by signs, actions, or facts, or by inaction or silence, which raise a presumption or inference that the consent has been given. An inference arising from a course of conduct or relationship between the parties, in which a mutual acquiescence or a lack of objection under circumstances signifying assent. ...** [*Black's Law Dictionary, Sixth Edition*, page 305]

Fund Audit Reports reflect that the Employer submitted the following contributions to the Funds for the weeks indicated:

**CONTRIBUTION HOURS SUBMITTED**

| WEEK ENDING | S. PICCARILLO | R. GONZALEZ | WEEK ENDING | S. PICCARILLO | R. GONZALEZ |
|---|---|---|---|---|---|
| 08/01/2002 |  | 35 | 04/03 | 21 | 21 |
| 08/08 |  | 21 | 04/10 | 21 | 21 |
| 10/03 | 21 | 21 | 05/08 | 21 | 21 |
| 10/10 | 21 | 21 | 05/18 | 21 | 21 |
| 10/17 | 21 | 21 | 05/22 | 21 | 21 |
| 10/24 | 21 | 21 | 05/29 | 21 | 21 |
| 10/31 | 21 | 21 | 06/05 | 21 | 21 |
| 11/07 | 21 | 21 | 06/12 | 21 |  |
| 11/14 | 21 | 21 | 06/19 | 21 |  |
| 11/21 | 21 | 21 | 07/03 | 21 | 21 |
| 11/27 | 21 | 21 | 07/10 | 21 | 21 |
| 12/04 | 21 | 21 | 07/17 | 21 | 21 |
| 12/19 | 21 | 21 | 07/24 | 21 | 21 |
| 12/26 | 21 | 21 | 07/31 | 21 | 21 |
| 01/02/03 | 21 | 21 | 08/14 | 42 | 42 |
| 01/09 | 21 | 21 | 08/21 | 21 | 21 |
| 01/16 | 21 | 21 | 08/28 | 21 | 21 |
| 01/23 | 21 |  | 09/04 | 21 | 21 |
| 01/31 | 21 |  | 09/11 | 21 | 21 |
| 02/06 | 21 | 21 | 09/18 | 21 | 21 |
| 02/13 | 21 | 21 | 09/25 | 21 | 21 |
| 02/20 | 21 | 21 | 10/02 | 21 | 21 |
| 02/27 | 21 | 21 | 10/09 | 21 | 21 |
| 03/06 | 21 | 21 | 10/16 | 21 | 21 |
| 03/13 | 21 | 21 | 10/23 | 21 | 21 |
| 03/20 | 21 | 21 | 10/30 | 21 | 21 |
| 03/27 | 21 | 21 | 11/06 | 21 | 21 |

| WEEK ENDING | S. PICCARILLO | R. GONZALEZ | WEEK ENDING | S. PICCARILLO | R. GONZALEZ |
|---|---|---|---|---|---|
| 11/13 | 21 | 21 | 02/17 | 21 | 21 |
| 11/20 | 21 | 21 | 02/24 | 21 | 21 |
| 11/27 | 21 | 21 | 03/03 | 21 | 21 |
| 12/11 | 21 | 21 | 03/10 | 21 | 21 |
| 12/18 | 21 | 21 | 03/17 | 21 | 21 |
| 12/25 | 21 | 21 | 03/24 | 21 | 21 |
| 12/31 | 21 | 21 | 03/31 | 21 | 21 |
| 01/09/04 | 21 | 21 | 04/07 | 21 | 21 |
| 01/15 | 21 | 21 | 04/14 | 21 | 21 |
| 01/22 | 21 | 21 | 04/21 | 21 | 21 |
| 01/29 | 21 | 21 | 05/12 | 21 | 21 |
| 02/05 | 21 | 21 | 05/19 | 21 | 21 |
| 02/12 | 21 | 21 | 05/26 | 21 | 21 |
| 04/08 | 21 | 21 | 06/02 | 21 | 21 |
| 04/15 | 21 | 21 | 06/09 | 21 | 21 |
| 04/22 | 21 | 21 | 06/16 | 21 | 21 |
| 05/06 | 42 | 42 | 06/23 | 21 | 21 |
| 05/13 | 21 | 21 | 06/30 | 21 | 21 |
| 05/20 | 21 | 21 | 07/07 | 28 | 28 |
| 05/27 | 21 | 21 | 07/14 | 21 | 21 |
| 06/03 | 21 | 21 | 07/21 | 21 | 21 |
| 06/10 | 21 | 21 | 07/28 | 21 | 21 |
| 06/17 | 21 | 21 | 08/04 | 21 | 21 |
| 06/24 | 22 | 22 | 08/11 | 21 | 21 |
| 06/30 | 21 | 21 | 08/18 | 21 | 21 |
| 07/08 | 21 | 14 | 08/25 | 21 | 21 |
| 07/15 | 21 | 21 | 09/01 | 21 | 21 |
| 07/22 | 21 | 21 | 09/08 | 21 | 21 |
| 07/29 | 21 | 21 | 09/15 | 21 | 21 |
| 08/05 | 21 | 21 | 09/22 | 21 | 21 |
| 08/12 | 21 | 21 | 09/29 | 21 | 21 |
| 08/19 | 21 | 21 | 10/06 | 21 | 21 |
| 08/26 | 21 | 21 | 10/13 | 21 | 21 |
| 09/02 | 21 | 21 | 10/20 | 21 | 21 |
| 09/09 | 21 | 21 | 10/27 | 21 | 21 |
| 09/16 | 21 | 21 | 11/03 | 21 | 21 |
| 09/23 | 21 | 21 | 11/10 | 28 | 28 |
| 09/30 | 21 | 21 | 11/17 | 21 | 21 |
| 10/07 | 21 | 21 | 11/24 | 21 | 21 |
| 10/14 | 21 | 21 | 12/08 | 21 | 21 |
| 10/21 | 21 | 21 | 12/15 | 21 | 21 |
| 10/28 | 21 | 21 | 12/22 | 21 | 21 |
| 11/04 | 21 | 21 | 12/29 | 21 | 21 |
| 11/11 | 21 | 21 | 01/05/06 | 21 | 21 |
| 11/18 | 21 | 21 | 01/12 | 21 | 21 |
| 11/25 | 21 | 21 | 01/19 | 21 | 21 |
| 12/02 | 21 | 21 | 01/26 | 21 | 21 |
| 12/09 | 22.5 | 22.5 | 02/02 | 21 | 21 |
| 12/16 | 21 | 21 | 02/09 | 21 | 21 |
| 12/23 | 21 | 21 | 02/16 | 21 | 21 |
| 12/30 | 21 | 21 | 02/23 | 21 | 21 |
| 01/06/05 | 21 | 21 | 03/02 | 21 | 21 |
| 01/13 | 21 | 21 | 03/09 | 21 | 21 |
| 01/20 | 21 | 21 | 03/16 | 21 | 21 |
| 01/27 | 21 | 21 | 03/23 | 21 | 21 |
| 02/03 | 21 | 21 | 04/06 | 21 | 21 |
| 02/10 | 21 | 21 | 04/13 | 21 | 21 |

7

| WEEK ENDING | S. PICCARILLO | R. GONZALEZ | WEEK ENDING | S. PICCARILLO | R. GONZALEZ |
|---|---|---|---|---|---|
| 04/20 | 21 | 21 | 05/25 | 21 | 21 |
| 04/27 | 21 | 21 | 06/01 | 21 | 21 |
| 05/04 | 21 | 21 | 06/08 | 21 | 21 |
| 05/18 | 21 | 21 | 06/15 | 21 | 21 |

The Employer engaged in a pattern or course of conduct that signified assent by the Employer to Member-Employer participation in the Funds for Messrs. Piccarillo and Gonzalez during the audit periods. Week after week, month after month, year after year, the Employer submitted to the Funds weekly contributions of twenty-one (21) hours on behalf of Messrs. Piccarillo and Gonzalez. Thus, it is not a question of whether the Employer signed Member-Employer Addendums after the "March 10, 1993 and November 1993" collective bargaining agreements expired, but rather a question of whether the amount of contributions submitted by the Employer during the audit periods for Messrs. Piccarillo and Gonzalez was the proper amount.

Collective Bargaining Agreement Articles XI and XVIII are significant:

> **Article XI, Fringe Benefit Funds**
>
> B. ... The Contractor and the Union acknowledge that they are represented by their duly designated Trustees to administer the various Fringe Benefit Trust Funds provided for in this contract. ... [E]ach Employer hereby agrees that the Fringe Benefit Fund Trustees shall have the necessary powers to fulfill their fiduciary obligations in order to fully protect each Contractor signed to this Agreement and their employee-beneficiaries under the respective plans.
>
> D. Each Employer shall be bound by all of the terms and conditions of the Agreements and Declarations of Trust, creating the Welfare Fund, Pension Fund, Vacation Fund, Annuity Fund, New York City and Vicinity Labor Management Cooperation Fund, United Brotherhood of Carpenters and Joiners of America Fund, Apprenticeship Journeymen Retraining Educational and Industry Fund, and Supplemental Funds, as amended, and by all By-Laws adopted to regulate each of said Funds. ...

In Article XVIII, Effectuating Clause, the Employer's President's signature appears twice. Immediately above the second signature is the following provision:

> **The party of the First Part, herein referred to as the Employer, signatory to the Agreement, hereby acknowledges receipt of copies of the Agreement and Declaration of Trust of the New York City District Council of Carpenters Welfare Fund; Pension Fund; Apprenticeship, Journeymen Retraining, Educational and Industry Fund; United Brotherhood of Carpenters and Joiners of America Fund; New York City and Vicinity Carpenters Labor Management Fund; Supplemental Funds; Annuity Fund; and Vacation Fund.**

By operation of Articles XI and XVIII, the Employer's continued contribution actions for Messrs. Piccarillo and Gonzalez during the audit years, albeit at the wrong contribution amount, were nonetheless an assent to participation in the Funds for twenty-eight (28) hours weekly under the terms and policies set by the Funds' Trustees. Messrs. Piccarillo and Gonzalez signing the March 10, 1993 Member-Employer Addendums placed the Employer on notice that the Employer **"shall report and pay weekly contributions on ... [Messrs. Piccarillo and Gonzalez's behalf] to the Fringe Benefit Funds in a minimum amount representing contributions for twenty-eight (28) hours work ..."** The Funds' Board of Trustees reaffirmed its policy in a letter to all "Contributing Employers to the Carpenters Benefit Funds" that **"the minimum required contribution is twenty-eight (28) hours per week."** Twenty-eight (28) hours means twenty-eight (28) hours, not twenty-one (21) hours. The Employer is liable for all deficient weekly contributions less than twenty-eight (28) hours during the audited periods for Messrs. Piccarillo and Gonzalez. The Employer's Dismissal Request is denied.

Petitioners' witness testimony and evidence established that:

- During the July 1, 2002 through November 11, 2004 and November 12, 2004 through July 6, 2006 periods, the Employer was bound to a Collective Bargaining Agreement with the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America.
- The Collective Bargaining Agreement and incorporated by reference Trust documents and Trustee policies obligated the Employer to make certain payments to Fringe Benefit Trust Funds on behalf of the Employer's "shareholders and officers," to wit Messrs. Piccarillo and Gonzalez, including weekly contributions for Messrs. Piccarillo and Gonzalez in the minimum amount of twenty-eight (28) hours.
- The Collective Bargaining Agreement authorized the Funds to conduct audits of the Employer's books and records in order to verify that all the required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Funds.
- In accordance with this auditing provision, an accountant, employed by the Funds, and with the consent of the Employer, performed an audit of the Employer's books and records.

The testimony of the Funds' auditor, Mr. Neil Alexis, established that the audits of the Employer's books and records uncovered delinquencies in the amount of contributions due the Funds during the periods of July 1, 2002 through November 11, 2004 and

10

November 12, 2004 through July 6, 2006. The testimony further revealed that copies of the Audit Summary Report and Revised Audit Summary Reports had been forwarded to the Employer. Thereafter, the Funds demanded payment by the Employer. When the Employer failed to comply with the payment demand, the Notice of Intent to Arbitrate issued.

Auditor Alexis' testimony set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The total amount of the delinquency for the July 1, 2002 through November 11, 2004 period was seventeen thousand one hundred forty-six dollars and ten cents ($17,146.10); the total amount of the delinquency for the November 12, 2004 through July 6, 2006 period was twelve thousand three hundred seventy-five dollars and sixty-one cents ($12,375.61). The Petitioners requested an award for contributions owed, interest, liquidated damages, late payment interest, promotional fund assessment, audit and counsel fees, arbitration and court costs as provided for by the Collective Bargaining Agreement and Trust Fund documents. Testimony computing these amounts was received into evidence.

**AWARD**

Based upon the substantial and credible evidence of the case as a whole:

1. THREE GUYS FLOOR COVERING WORKROOM INC. is delinquent in its Fringe Benefit payments due and owing to the Funds under the terms of the Collective Bargaining Agreement;

2. THREE GUYS FLOOR COVERING WORKROOM INC. shall pay to the Funds forthwith the said delinquency amount, interest on said delinquency amount, liquidated damages, late payment interest the promotional fund assessment, the Funds' audit and counsel's fees, the undersigned Arbitrator's fee, and all associated court costs in the following amounts:

```
July 1, 2002 through November 11, 2004 Period:
    Principal Due               $ 17,146.10
    Interest Due                   8,889.28
    Liquidated Damages             8,889.28
    Late Payment Interest             27.57
    Promotional Fund                 203.57
    Court Costs                      375.00
    Audit Costs                    1,450.00
    Attorney's Fee                 1,500.00
    Arbitrator's Fee               3,000.00
            TOTAL               $ 41,480.80

November 12, 2004 through July 6, 2006 Period:
    Principal Due               $ 12,375.61
    Interest Due                   1,951.73
    Liquidated Damages             2,583.82
    Late Payment Interest            206.58
    Promotional Fund                 148.61
    Audit Costs                    1,450.00
            TOTAL               $ 18,716.35

    COMBINED GRAND TOTAL:       $ 60,197.15
```

12

3. THREE GUYS FLOOR COVERING WORKROOM INC. shall pay to the District Council Carpenters Benefit Funds the aggregate amount of sixty thousand one hundred ninety-seven dollars and fifteen cents ($60,197.15) with interest to accrue at the rate of 10% from the date of this Award.

Dated: February 4, 2008

_____
Robert Herzog
Arbitrator

State of New York  )
County of Rockland )

I, Robert Herzog, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

_____
Robert Herzog
Arbitrator

Dated: February 4, 2008

To: THREE GUYS FLOOR COVERING WORKROOM INC.
    Attn: Mr. Salvatore Piccarillo, President
     545 Eighth Avenue, 8th Floor
    New York, New York 10018

    Robert N. Cohen, Esq.
    Weinstein, Kaplan & Cohen, P.C.
    1325 Franklin Avenue, Suite 210
    Garden City, New York 11530

    Steven Kasarda, Esq.
    New York City District Council Carpenters Benefit Funds
    395 Hudson Street
    New York, New York 10014

13