UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS
ANNUITY FUND, NEW YORK CITY DISTRICT           **AFFIDAVIT IN SUPPORT**
COUNCIL OF CARPENTERS APPRENTICESHIP,
JOURNEYMAN RESTRAINING, EDUCATIONAL            File No. 08 CIV 3748
AND INDUSTRY FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS CHARITY         Assigned to
FUND, and THE NEW YORK CITY AND VICINITY       Judge Alvin K. Hellerstein
CARPENTERS LABOR-MANAGEMENT
CORPORATION, By MICHAEL J. FORDE and
PAUL O'BRIEN, as TRUSTEES, and MICHAEL J.
FORDE AS EXECUTIVE SECRETARY-TREASURER,
DISTRICT COUNCIL FOR NEW YORK CITY AND
VICINITY, UNITED BROTHERHOOD OF CARPENTERS
AND JOINERS OF AMERICA,

                 Plaintiffs,

 -against-

THREE GUYS FLOOR COVERING WORKROOM, INC.,

                 Defendant.
------------------------------------------------X

STATE OF NEW YORK)
      SS.:
COUNTY OF NASSAU )

  SALVATORE PICCARILLO, being duly sworn, deposes and says:

  1. Deponent is the President of THREE GUYS FLOOR COVERING

WORKMAN, INC. (hereinafter referred to as "THREE GUYS"), defendant in the above-

captioned matter, and makes this Affidavit in Support of defendant's Motion to Vacate the Arbitration Award issued on February 4, 2008 by Arbitrator Robert Herzog, Esq.

2. Deponent is a fifty percent (50%) shareholder in defendant's corporation.

3. THREE GUYS is a floor covering contractor located in the City of New York.

4. On or about March 10, 1993, deponent, as President of THREE GUYS, signed a Member-Employer Addendum, which document is annexed as Exhibit "F" hereto and which Addendum was related to a Collective Bargaining Agreement signed on March 10, 1993 between the plaintiff, NEW YORK CITY DISTRICT COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, and defendant, THREE GUYS.

5. A new Collective Bargaining Agreement was signed by the undersigned on or about July 1, 2001. (See Exhibit "D" annexed hereto.) Deponent did not sign an additional Member-Employer Addendum to the July 1, 2001 Agreement.

6. There is no mention of a minimum amount of hours per week to be allocated to principals of an employer under the Collective Bargaining Agreement in the 2001 CBA.

7. That the plaintiff conducted audits for the period 1/1/00 through 6/30/01 and 7/1/01 through 6/30/02, and despite the fact that deponent and his co-shareholder, ROBERT GONZALEZ, the two (2) principals of THREE GUYS, each did not pay benefit charges for a total of twenty-eight (28) hours each week for benefits, the audit reflected that negligible monies were due for the aforesaid period under the previous CBA (which time period was covered by the Member-Employee Addendum dated March 10, 1993) and

CBA in issue. (See Exhibit "H" annexed hereto.)

8. That deponent received two (2) letters from the plaintiff which have been marked as Exhibit "G" annexed hereto, which stated that the minimum requirement of reporting twenty-eight (28) hours per week for principals of any employer who was a signatory under the CBA would be effective on or after September 1, 2006, sixty (60) days after the expiration of the subject CBA herein.

9. That all of the above information was presented to the Arbitrator in this matter, Robert Herzog, Esq., either by way of testimony or by exhibits, at the Arbitration Hearings held on October 2, 2007 and December 10, 2007.

10. That there is no provision in the CBA dated July 1, 2001 which incorporates the prior provisions of any CBA previously executed by the parties.

11. That despite the ruling of the Arbitrator regarding any implied consent on behalf of the deponent, deponent never agreed, directly or indirectly, orally or in writing, to be bound by the March 10, 1993 Addendum, in perpetuity. That Addendum only related to the CBA dated March 10, 1993, and to no other CBA. The first time deponent was advised that the Fund claimed it was due any money under the CBA was after the August 24, 2006 letter. (See Exhibit "G" annexed hereto.)

WHEREFORE, deponent respectfully requests that defendant's motion be in all respects granted.

_____
SALVATORE PICCARILLO

Sworn to before me this
1st day of May, 2008.

_____
NOTARY PUBLIC

ROBERT N. COHEN
Notary Public, State of New York
No. 30-4701212
Qualified in Nassau County
Commission Expires July 31, 20__